# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 883 | **DATE** | 10/28/2004 |
| **CASE TITLE** | Goros vs. County of Cook | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 02/02/05 at 9:00 a.m. For the reasons stated in the attached memorandum opinion the Court deems it prudent to convert defendants' motion to dismiss as a motion for summary judgment. For the sake of clarity and to ensure that the parties have every opportunity to present their position, defendants' motion to dismiss [10-1] is stricken as moot and defendants are given until 11/18/04 to file their summary judgment motion. Plaintiffs' response shall be filed by 12/02/04 and defendants' reply shall be filed by 12/09/04. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | 22 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS GOROS, TIMOTHY GORNIAK, )
REGINA BIOCIC, GEORGE NEGRON, )
MICHAEL KNAUS, JOSE DELVALLE, )
WANDA BARNES, and DAVID STANLY,)
individually and on behalf of a class of )
similarly situated employees, )
)
Plaintiff, )
)
v. ) No. 04 C 0883
)
)
COUNTY OF COOK, COOK )
COUNTY SHERIFF, and MICHAEL )
SHEAHAN, in his official capacity as )
Sheriff of Cook County, )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Cook County's ("County"), Cook County Sheriff's, and Michael Sheahan's motion to dismiss. For reasons stated below, we deem it prudent to convert the motion to dismiss into a motion for summary judgment.

1



## BACKGROUND

The Plaintiffs in this action are currently police officers for the County Sheriffs Department that were promoted to their position from other law enforcement positions within the Sheriff's Department. As County employees, police officers' schedules describing salary grades, in-grade steps, and longevity steps are governed by the Ordinances and Resolutions of the County. ("O&R"). Plaintiffs allege that, had they remained in other law enforcement classifications, they would have progressed through each step dictated in the O&R at an annual pace, in relationship to the length of their employment with the County. Plaintiffs contend, however, that when they pursued and obtained promotions to become police officers, their progression through the in-grade and longevity steps were frozen for periods greater than one year, based on the length of their employment in the job classification of police officer. For example, Plaintiffs contend that as police officers they could not attain the seventh step until they had completed ten years of service in the sixth step, and contend that it is virtually impossible for police officers to attain steps nine and beyond, mostly because once they progress that far, they either retire or pass away.

Plaintiffs allege that the County's failure to compensate police officers according to their years of service, and the County's failure to offer police officers comparable compensation with other County employees resulted in deprivations of Plaintiffs' substantive and procedural constitutional rights, and violated the Equal Protection Clause of the 14th Amendment. Plaintiffs claim they sustained monetary

2

damages including lost compensation in the past and will sustain damages in the future as well. Plaintiffs also seek injunctive relief in the form of installing them in their proper in-grade and longevity steps with appropriate compensation, including back pay. Plaintiffs filed a two count complaint which includes a claim alleging violations of 42 U.S.C. § 1983("Section 1983")(Count I), and includes breach of contract and promissory estoppel claims (Count II).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of

action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Defendants argue that in ruling on the instant motion, the court should consider the entire text of the collective bargaining agreement ("CBA") between the County and County union employees and that the court should consider the entire text of the Cook County Bureau of Human Resource Rules and Regulations ("HRR&R"), both of which are attached to Defendants' motion to dismiss. In ruling on a Rule 12(b)(6) motion to dismiss, a court may deem "[d]ocuments attached to a motion to dismiss" to be "part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994); *See also* Fed. R. Civ. P. 10(c)(stating that "[a] copy of any written

4

instrument which is an exhibit to a pleading is a part thereof for all purposes."). If a court decides to "consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof." *Loeb Indus., Inc. v. Sumitomo Corp.,* 306 F.3d 469, 479 (7[h] Cir. 2002).

Defendants attached the entire CBA to their motion to dismiss. However, Defendants do not contend that Plaintiffs referred to the CBA in the amended complaint or even that they attached a portion of the CBA to the amended complaint. Defendants merely claim that Plaintiffs attached a compensation schedule that is referred to in the CBA and that reflected rates that were negotiated by the collective bargaining unit that represents Plaintiffs. (Mem. Dis. 5) Such a tangential connection is insufficient to warrant consideration of the documents for the purpose of a motion to dismiss. Defendants also seek to introduce the entire text of the HRR&R which Defendants concede was not directly referred to in the amended complaint. *Id.*

Defendants claim that the information contained in the full text of the CBA and HRR&A is important for this court to consider because it shows that a dismissal of this action is appropriate. We find that it would be prudent to convert the instant motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b). We have thus given notice to Plaintiffs of the conversion and now must allow Plaintiffs the opportunity to respond to the motion and offer

additional evidence. In the memorandum briefs filed regarding the instant motion the parties were not able to address the information contained in the CBA and HRR&A because the introduction of the materials was in dispute. Thus, for the sake of clarity and to ensure that the parties have every opportunity to present their positions, we shall give the parties an opportunity to file fresh briefs in light of this conversion ruling. Defendants' motion for summary judgment will be due on November 18, 2004. The answer will be due on December 2, 2004. The reply will be due on December 9, 2004. The parties are reminded that they must also comply with the requirements of Local Rule 56.1.

## CONCLUSION

Based upon the foregoing analysis, we deem it proper in accordance with Federal Rule of Civil Procedure 12(b) to convert Defendants' instant motion to dismiss into Defendants' motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 28, 2004