# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS GOROS, TIMOTHY GORNIAK, REGINA BIOCIC, GEORGE NEGRON, MICHAEL KNAUS, JOSE DEL VALLE, WANDA BARNES, and DAVID STANLY, individually and on behalf of a class of similarly situated employees, <br><br>    Plaintiffs, <br>    v. <br><br>COUNTY OF COOK, COOK COUNTY SHERIFF, and MICHAEL SHEAHAN, in his official capacity as Sheriff of Cook County, <br><br>    Defendants. | Case No. 04 C 0883 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Louis Goros, Timothy Gorniak, Regina Biocic, George Negron, Michael Knaus, Jose Delvalle, Wanda Barnes, and David Stanly ("Plaintiffs"), filed suit pursuant to 42 U.S.C. § 1983 and state law against Cook County; the Cook County Sheriff's Department; and Michael Sheahan, in his official capacity as Cook County Sheriff ("Defendants"). Plaintiffs seek to represent a class of current and former Cook County Sheriff's Police Officers. Upon promotion to the position of Sheriff's Police Officer, an Officer's anniversary date is reset to the date of promotion for purposes of the Officer's progression to the longevity pay steps in the collective bargaining agreement's salary schedule. Plaintiffs complain that this practice deprives them of compensation, pensions and overtime pay without due process of law, in violation of the Fourteenth Amendment, and they seek injunctive relief and compensatory damages. Plaintiffs also bring state law claims for breach of contract and promissory estoppel. Defendants now move this court for summary judgment on all claims. Because neither the County's "Continuous Service" Ordinance, § 5-325 ("Ordinance 5-

325"), nor the Cook County Bureau of Human Resources Personnel Rules and Regulations ("Personnel Rules") creates a property interest in an Officer's years of service in another position with Cook County, Defendants' are entitled to judgment as a matter of law.

## Statement of Facts

In order to become a Cook County Sheriff's Police Officer, an individual must work as a correctional officer or a deputy sheriff for at least two years, pass a written examination administered by the Cook County Merit Board, and submit to a series of interviews. (Defs. SOF ¶ 3.) Upon promotion to the Sheriff's Police Department, new officers are entitled to a raise and are designated PO1 on the salary schedule included in the collective bargaining agreement ("CBA") between the Metropolitan Alliance of Police, Chapter #201, and the Sheriff's Police Department. (Defs. SOF ¶¶ 6, 7, 9, 10.) A new officer's salary is determined by locating the step/wage rate at which the officer was located in his previous job, then moving him up two steps to a new hourly rate. (Defs. SOF ¶ 11.)

> After this initial placement, the CBA provides with regard to advancement:
>
> Employees in the job classification set forth in Appendix "A" to this Agreement shall receive the monthly salary provided for in their grade and length of service in the job classification. Employees will be increased to the appropriate step upon completion of the required length of service in the classification.

(Defs. Ex. 3.) Appendix "A" to the CBA, the County Police Compensation Plan, includes six salary steps, followed by five longevity pay increases. (Plfs. Ex. 7.) A Sheriff's Police Officer that began his employment with the Sheriff's Police Department at Step 1 would receive annual Step increases each year for six years until he reached the sixth step. (Defs. SOF ¶16.) After reaching the 6th step, a Cook County Sheriff's Police Officer receives longevity pay increases at 10, 15, 20, 25 and 29

years of service. (Defs. SOF ¶¶ 17, 19.)

For purposes of calculating an Officer's longevity, the Sheriff's Police Department begins counting an Officer's years of service from the Officer's first day with the Sheriff's Police Department. (Defs. SOF ¶ 21.) Any time that the Officer spent either as a Cook County correctional officer or a deputy sheriff is not counted. (Defs. SOF ¶ 22.) So, for example, an Officer who spends five years working as a correctional officer then is promoted to the Sheriff's Police Department, would not receive the 10-year longevity increase until the individual had worked a total of 15 years for Cook County (five years as a correctional officer and 10 years with the Sheriff's Police Department).

**Standard of Review**

Summary judgment will be granted if the pleadings, depositions, affidavits and admissions on file establish there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court, however, will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record, an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir.

2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general trust of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the trust of the matter asserted").

## DISCUSSION

Section 1983 provides an action against a person who, under color of law, deprives a citizen of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 105 (1989). Section 1983 "is not itself a source of substantive rights," but instead allows "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). Plaintiffs allege that Defendants wrongly denied them their property interest in the wages and benefits to which they are entitled based on their years of service to Cook County. "Federal property interests under the 14th Amendment usually arise from rights created by federal statutes, state or municipal regulations or ordinances, and contracts with public entities." *Ulichny v. Merton Cmty. Sch. Dist.*, 249 F.3d 686, 700 (7th Cir. 2001). As such, Plaintiffs bear the burden of establishing that a municipal ordinance or contract created a property right.

Plaintiffs argue that their property rights are created by the County's "Continuous Service" Ordinance, § 5-325, and a similar continuity of service provision in the Personnel Rules. Plaintiffs' state law contract and promissory estoppel claims also rely on Ordinance 5-325 and the Personnel Rules. Defendants respond first that Plaintiffs' complaints must be resolved through the Grievance Procedures in the CBA. Second, the County repealed § 5-325 by a later ordinance, § 00-O-8. Third, the Cook County Sheriff's Department's practice of step progression does not violate the Personnel

4

Rules.

I.    **Grievance Procedure**

The CBA defines a grievance as "a difference between an employee or the Chapter and the Employer with respect to the interpretation or application of, compliance with, the agreed upon provisions of the Agreement. (Defs. SOF ¶ 41.) If subject to the Grievance Procedure, Plaintiffs' claims must be resolved according to the methods set out therein. (*Id.*) The terms "length of service," "continuity of service" and "in the job classification" are not defined in Appendix "A" or elsewhere in the CBA. (Plfs. SOF ¶ 12.) Thus, whether it be under Ordinance 5-325, the Personnel Rules or the Position Classification and Compensation Plan, the Court must look outside the CBA to determine the proper calculation of "years of service" for purposes of step progression.[1] As such, Plaintiffs' claims do not involve "the interpretation or application of, compliance with, the agreed upon provisions of the Agreement" and are not subject to the CBA's Grievance Procedure.

II.   **Ordin. & Res. Cook County, Ill. § 5-325**

Cook County's "Continuity of Service" ordinance provides, in relevant part:

> Service requirements for advancement within the salary ranges and for other purposes as specified in this resolution shall have the implication of continuous service within Cook County. This means continuously paid employment without a break or interruption . . . All separations, discharges and unauthorized leaves of absences outside of the above shall, after 30 calendar days, result in the loss of all prior service credit.

---

[1] Since Plaintiffs are adamant that the CBA does not cover the "years of service" issue, the Court will not rely upon it. It is strange, however, that progression to longevity step 2 occurs "after 1 yr. at 1st longevity rate and 15 yrs. of service." (Plfs. Ex. 7.) Assuming that Defendants' current practice were anticipated in creating the salary schedule, the words "after 1 yr. at 1st longevity rate" would be superfluous since an Officer always would be required to spend 5 years at the 1st longevity rate. The "after 1 yr." requirement, of course, would seem entirely consistent with Plaintiffs' position.

5

Ordin. & Res. Cook County, Ill. § 5-325(a) (current through 1990). The ordinance was included in the 1990 compilation of the Ordinances and Resolutions of the County of Cook and was grouped with other ordinances under the subheading "Position Classification Agency."

In 1992, the Cook County Board of Commissioners merged the Position Classification Agency and the Personnel Department into one department called the Bureau of Human Resources. (Plfs. SOF ¶ 25.) Eight years later, on April 5, 2000, the Board of Commissioners amended the ordinance, giving the chief of human resources power to, among other things, "develop . . . programs for the administration of human resource functions including position classification, salary administration, employee benefits . . . for the employees in all County departments." Ordin. and Res. Cook County, Ill. § 00-O-8, Article I, Section 2B(3) (2000). Ordinance 00-O-8 also provided, in Article I, Section 14:

> This Amendatory Ordinance repeals, supplants and supersedes: the rules, regulations, directives and policies of the Civil Service Commission of Cook County, the Health and Hospital Governing Commission, and the Department of Personnel and the Position Classification Agency (collectively "former rules") . . . This ordinance and the rules adopted pursuant hereto shall be the sole source of authority governing Cook County human resources management.

Defendants assert that this language repealed Ordinance 5-325. The same rules of statutory construction that courts apply when analyzing statutes govern the interpretation of an ordinances. *See Katz v. Chicago*, 532 N.E.2d 322, 325 (Ill. App. Ct. 1988). Where the plain language of the enactment is clear and unambiguous, courts will look no further. *See Illinois Wood Energy Partners, L.P. v. County of Cook*, 667 N.E.2d 477, 483 (Ill. 1995); *O'Kane v. Apfel*, 224 F.3d 686, 688-89 (7th Cir. 2000). When necessary, courts consider "[t]he surrounding circumstances and conditions under which the ordinance was enacted [and the] purposes sought to be attained, in order to dispel

6

uncertainty or ambiguity in its meaning." *Naperville Police Union, Local 2233, etc. v. Naperville*, 422 N.E.2d 869, 873-74 (Ill. App. Ct. 1981).

The Board may render an ordinance inoperative by repealing it expressly or by implication. *See Feret v. Schillerstrom*, 844 N.E.2d 447, 453 (Ill. App. Ct. 2006). The first sentence of section 14 of Ordinance 00-O-8 repeals the "rules, regulations, directives and policies of the . . . Position Classification Agency." Standing alone, this language does not repeal Ordinance 5-325 – indeed, it does not repeal any "ordinance."[2] The final sentence of Section 14, however, expresses the Board's intent that Ordinance 00-O-88 and the rules promulgated thereto serve as the sole source of authority governing human resources management in Cook County.[3] An ordinance will repeal implicitly another ordinance "when a subsequent [ordinance]'s terms and operation cannot be reconciled with those of an earlier [ordinance]." *U.S. Bank Nat. Ass'n v. Clark*, 837 N.E.2d 74, 80 (Ill. 2005). It is impossible for "[Ordinance 00-O-8] and the rules adopted pursuant [t]hereto" to be "the sole source of authority governing Cook County human resources management" if Ordinance

---

[2] The Position Classification and Compensation Plan approved each year as part of the County's budget, likewise, could not itself repeal Ordinance 325. The Plan is a resolution of the Board, (Defs. Ex. 4) and a resolution cannot amend or repeal an ordinance. *See Naperville Police Local 2233*, 422 N.E.2d at 873 ("An ordinance may be repealed, modified or amended only by municipal action of like dignity and, therefore, may not be amended or modified by resolution since a resolution is an act of lesser dignity than an ordinance"). On this issue, Defendants' case law does not support a distinction between home-rule and non-home rule entities. *See Landmarks Preservation Council of Illinois v. City of Chicago*, 531 N.E.2d 9, 9 (Ill. 1988) (city council passed an ordinance expressly repealing a previous ordinance designating the McCarthy Building as a landmark).

[3] Although Plaintiffs are exempt from the career service provisions, they remain subject to the classification and all other provisions of the ordinance. "Career service" is described as "a professional and progressive merit based system for human resources management . . . includ[ing] programs for recruitment, selection, discipline, grievance, promotion, affirmative action, performance management, probationary periods and training." Ordinance 00-O-88, Article I, Section 2B(3). Plaintiffs never explain why the career service exception is material to their claims.

5-325 governs the calculation of "years of service." Given this conflict, Ordinance 00-O-88 repeals Ordinance 5-325 by implication. *See U.S. Bank Nat. Ass'n*, 837 N.E.2d at 80-81 ("When the two statutes cannot be harmonized, the subsequent statute will be deemed to have repealed the earlier by implication"). Plaintiffs therefore cannot show that Defendants have deprived them of an enforceable property right under Ordinance 5-325.

### III. Cook County Bureau of Human Resources Personnel Rules and Regulations

The applicable portions of the Personnel Rules state:

*Rule 2.04     Applicability of Step Progression and Step Placement*

> (a) Employees compensated by the salary schedules shall be required to work a minimum of one year at each step, except where elsewhere provided for in the Salary Schedule.
>
> (b) Anniversary step advancement will be effective the first day of the full pay period following the employee's anniversary date.
>
> (c) Eligibility for longevity step advancement and longevity step placement must be in conformance with the regulations as established in the respective salary schedules.

*Rule 2.07     Promotions*

    \* \* \*

In all cases of promotion, the effective date will set a new anniversary date.

*Rule 1.05     Definitions*

> CONTINUITY OF SERVICE: Employment without a break or interruption; provided that any absence on authorized leaves with pay, military leave of absence, or absence on personal leave without pay for 30 calendar days or less shall not affect the continuity of services. All other leaves of absence, a personal leave without pay that is in excess of 30 calendar days, all suspensions, and layoffs of more than 30 calendar days shall be deducted in computing total continuous service. Discharges for cause, retirements, resignations and layoffs

> not followed by reinstatement within one year, shall interrupt continuous service and shall result in the loss of all prior service credit.
>
> ANNIVERSARY DATE: The date utilized for purposes of determining an employee's step progression within his/her current classification in accordance with the applicable salary schedule. The anniversary date is established by the original date of employment as modified by promotion, leaves of absence, demotion, reclassification and/or upgrade.

Although the Personnel Rules define continuity of service, they ascribe no significance to continuous service – in particular, nothing in the definition states that it should be used to determine an employee's step progression. In contrast, anniversary date is defined specifically as the date utilized for determining an employee's step progression. Moreover, the definition of anniversary date contemplates that the anniversary date may be different from the original date of employment. Rule 2.04, which governs step progression, also ties advancement to an employee's anniversary date not the original date of employment. And since Rule 2.07 requires that the effective date of an employee's promotion sets a new anniversary date, the Sheriff's Police Department's practice of counting an Officer's years of service from the Officer's first day with the Sheriff's Police Department does not violate the Personnel Rules.

The testimony of Mark Kilgallon, the Chief of Human Resources and highest ranking official in the Cook County Bureau of Human Resources, does not create a genuine issue of material fact. (Plfs. Exs. 12, 20.) Kilgallon testified that, to his knowledge, other elected Cook County officials utilized a policy based on continuity of service. (Plfs. Ex. 12 at p. 45; Plfs. Ex. 20 at p. 25.) But Kilgallon never gave any reason why the Sheriff's Police Department would be required to follow such a policy. In fact, he testified repeatedly that it was not the role of his office to provide direction

to the Sheriff on how to move employees through the step progression. (*Id.* at 47, 66, 76-77.) Rather, the CBA and the Position Classification and Compensation Plan would explain how an employee should move through the steps.[4] Accordingly, Plaintiffs cannot prove that Defendants have deprived them of an enforceable property right under the Personnel Rules.

## Conclusion and Order

The Sheriff's Police Department's practice of counting an Officer's years of service from the Officer's first day with the Sheriff's Police Department does not deprive Plaintiffs of any property interest. Likewise, the practice does not deprive Plaintiffs of any contractual right or non-contractual promise under state law. Wherefore, this Court grants Defendants' Renewed Motion for Summary Judgment and denies as moot Defendants' Motion for Summary Judgment. This Court denies as moot Plaintiffs' Motion to Strike, none of the paragraphs Plaintiffs moved to strike were relied upon in granting Defendants' Motion.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: September 25, 2006

---

[4] The Position Classification and Compensation Plan, a document Kilgallon testified was applicable to all County departments, contains the same step progression standards as the Personnel Rules. (Defs Ex. 4; Plfs Ex. 12 at pp. 17-18, 26-27, 38).